**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 16-4289**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MATT DAVIS,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:13-cr-00043-MR-DLH-1)

─────────────

Submitted:  October 18, 2016          Decided:  October 20, 2016

─────────────

Before WILKINSON, KING, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Matt Davis pled guilty in accordance with a written plea agreement to conspiracy to possess with intent to distribute bath salts. He was sentenced to 156 months of imprisonment pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Davis appeals and his attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether: (1) the district court complied with Rule 11 in conducting Davis' plea hearing; (2) Davis' decision to pled guilty was the product of ineffective assistance of counsel; and (3) Davis' guilty plea was involuntary due to prosecutorial misconduct. We affirm.

Because Davis did not attempt to withdraw his guilty plea in the district court, we review this issue for plain error, see United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002) (stating standard), and find none. A review of Davis' plea hearing reveals it was conducted substantially in compliance with Rule 11 and that Davis knowingly and voluntarily pled guilty.

Regarding Davis' ineffective assistance claim, it is well established that a defendant may raise a claim of ineffective assistance of counsel on direct appeal if and only if it conclusively appears from the record that counsel did not

2

provide effective assistance. United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record does not conclusively show that counsel provided ineffective assistance; thus, the claim is properly raised, if at all, in a § 2255 motion rather than on direct appeal.

To establish prosecutorial misconduct, Davis must demonstrate that the prosecutor's conduct was improper and that it prejudicially affected his substantial rights. United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010); see also United States v. Armstrong, 517 U.S. 456, 464 (1996) (noting presumption of regularity accorded prosecutorial decisions). Because Davis did not raise this issue in the district court, our review is for plain error, United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005), and we find none.

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal.[*] Accordingly, we deny Davis' motion to strike counsel's brief and affirm the

---

[*] This includes review of the issues raised in Davis' pro se supplemental brief.

district court's judgment.  This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review.  If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Davis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED